# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> COLE LUSBY, <br><br> Defendant | Case No.: 2:18-cr-00136-APG-PAL <br><br> **Order Denying Motion to Quash** <br><br> [ECF No. 34] |

Defendant Cole Lusby moves to quash two subpoenas issued in *United States v Lusby*, 2:16-cr-00181-APG-PAL. Although the subpoenas were issued in a different case, that case and this one were combined for scheduling purposes, I am the presiding district judge in both cases, and the parties agreed I should resolve the motion to quash in this case.

I deny the motion to quash. The motion is moot as to the emails and calls obtained through the second subpoena. The Government no longer has the emails and it has indicated it does not intend to use at trial either the emails or jail calls produced in response to the second subpoena.

As to the first subpoena, even if the Government's actions were procedurally improper under Federal Rule of Criminal Procedure 17(c), any error was harmless. Had the Government moved for a Rule 17(c) subpoena for Lusby's jail calls from the date of his arrest through the then-scheduled May 10, 2018 revocation hearing, I would have granted it. The party seeking to use a Rule 17(c) subpoena to obtain documents or other objects must show: "1) relevancy, 2) admissibility, and 3) specificity." *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981). Additionally, to "justify a subpoena for production before trial, the proponent must also demonstrate that the subpoenaed materials are not available from any other source and their

examination and processing should not await trial in the circumstances shown." *Id.* Whether to grant a subpoena is within the court's discretion. *Id.*

The Government has articulated reasons why it reasonably expected relevant, admissible, and specific evidence would be on Lusby's jail calls shortly after his arrest. The jail calls would be relevant to showing Lusby's knowing failure to register and use of false identities to evade detection. The jail calls would be admissible as statements of a party opponent. Fed. R. Evid. 801(d)(2).

The Government also identified specific information it reasonably expected would be on the jail calls shortly after Lusby's arrest. When Lusby was arrested, he was in possession of identification and credit cards of multiple individuals and he had rented a room at the housing complex where he was apprehended under one of those names. The Government thus sought the jail calls because it expected others were helping Lusby with possible identify theft crimes and Lusby might ask them to destroy evidence given his arrest. Additionally, the Government represents that based on statements Lusby's long-time girlfriend, Amber Thompson, made on the date of Lusby's arrest, law enforcement expected she and Lusby would discuss on jail calls how long Lusby had been in Nevada without registering and means used for him to evade detection.

A Rule 17(c) subpoena "is not intended to serve as a discovery tool . . . or to allow a blind fishing expedition seeking unknown evidence." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) (internal citations omitted). But because the Government had not yet listened to the jail calls when it issued the subpoena, "it would be unreasonable to expect a more detailed connection be provided between the contents of the [calls] and the ultimate facts at issue in the case." *Id.*

/ / / /

As for specificity in the time frame of the requested calls, the subpoena sought jail calls from the date of Lusby's arrest "and continuing." ECF No. 36-1. The revocation hearing was set for May 10 and the facility responded by providing calls from April 24 through May 10. If the Government had requested a subpoena for this short period of time, I would have granted it given the proximity in time to the arrest in relation to the information the Government reasonably expected would be in the calls.

The jails calls would not be available from another source. Although perhaps a witness could testify about what Lusby said on jail calls, there is little evidentiary substitute for the defendant's own recorded words. Finally, there was a reasonable basis to request pretrial production. The Government would not know how many jail calls Lusby would have made or received during the roughly two-week timeframe at issue. To avoid inefficiencies at the hearing, pretrial production would have allowed the parties to winnow the calls to only those calls (and portions of calls) that are relevant to the issues at trial or at the revocation hearing.

Moreover, there is little to no prejudice to Lusby from any procedural irregularity. The Government provided the jail calls to Lusby well before trial or the revocation hearing. ECF No. 36-2. Thus, the Government has not obtained an unfair advantage from the facility producing the calls to the Government instead of to the court.

Finally, there is no evidence the calls the facility produced contain attorney-client privileged calls.[1] The subpoena specifically directed the facility not to provide attorney-client communications. ECF No. 36-1. Although Lusby asserts the Government has information it

---

[1] It is questionable whether Lusby has standing to challenge a Rule 17(c) subpoena where he has no Fourth Amendment protected interest in the materials sought, even where there were procedural irregularities like the ones Lusby raises here. *See United States v. Miller*, 425 U.S. 435, 438-39, 444 (1976). The parties did not raise this issue and I deny Lusby's motion on the merits, so I do not address standing.

could not know absent access to privileged calls or emails, the Government has explained how it knows each category of information.  For example, at calendar call, the Government stated that based on the Assistant United States Attorney having listened to jail calls, the Government knew that Lusby believes the Government will not be able to prove interstate travel.  Lusby assumes the Government must have obtained that information from privileged calls and emails.  But in a jail call with his girlfriend, Lusby twice discussed that the charges were not filed correctly because he has to cross state lines but he did not.  He also twice mentioned that it is not even charged in the indictment that he crossed state lines and that he was going to file a motion about that. ECF No. 37 (Exhibit C).  That conversation is not protected by the attorney-client privilege. In that same call, Lusby asked Thompson to obtain his medical and psychiatric records and provide them to his attorney. *Id.*

Similarly, Lusby assumes the Government learned from privileged sources about his contacts with certain law enforcement officers and the amount of loss in an uncharged incident. But the Government has copies of the letters Lusby sent to the agents and Lusby states the amount of loss in one of those letters. ECF Nos. 36-5; 36-6.

In sum, I deny as moot the motion to quash the second subpoena because the Government does not intend to use any materials obtained from that subpoena.  I deny the motion to quash the first subpoena because any procedural irregularities were harmless, there is no evidence that the facility produced to the Government attorney-client privileged communications, and Lusby has not identified any prejudice to support quashing it.

/ / / /

/ / / /

/ / / /

IT IS THEREFORE ORDERED that defendant Cole Lusby's motion to quash **(ECF No. 34) is DENIED**.

DATED this 3rd day of August, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE