**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COLE LUSBY,<br><br>　　　　Defendant. | Case No. 2:18-cr-00136-APG-PAL<br><br>**Order Denying Motion to Dismiss**<br><br>[ECF No. 118] |

　　　　Defendant Cole Lusby was incarcerated in Arizona for failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). After being released from custody, Lusby returned to Las Vegas as required, but failed to report to the Residential Reentry Center and failed to register again under SORNA. He eventually was arrested and is charged with violating SORNA. I dismissed the superseding indictment, holding that the Government must prove that Lusby's interstate travel was not legally compelled in order to convict him under SORNA. The Ninth Circuit reversed. *United States v Lusby*, 972 F.3d 1032, 1043 (9th Cir. 2020).

　　　　Lusby again moves to dismiss the indictment, arguing that SORNA is unconstitutionally vague because it does not specifically describe "what is the intent required that connects the travel and failure to register." ECF No. 118 at 5. In other words, "because the plain text of § 2250 . . . does not require that the travel be for the purpose of eluding registration – or any purpose for that matter -- the statute does not connect the travel and the failure to register." *Id.* at 9. The Government responds that I and the Ninth Circuit have previously rejected Lusby's argument, so his motion is barred by the doctrine of law of the case. ECF No. 121 at 8-10. The Government also argues that Lusby's claim of a disconnect between the travel and failure to

register has been rejected by the Ninth Circuit and several other circuit courts that have held that SORNA was properly enacted under the Commerce Clause. *Id.* at 11.

I previously ruled that the Government "doesn't have to prove that the intent of the travel was to willfully evade registration." ECF No. 93 at 29.  I based that decision on the plain language of the statute, and I will not reconsider it.  In connection with the Government's appeal of my prior dismissal, Lusby argued, among other things, that "Congress intended the travel element to be accompanied by a specific intent – namely that the travel was undertaken for the purpose of evading an individual's registration obligations." Appellee's Answering Brief at 35, n.10.[1]  The Ninth Circuit rejected this and Lusby's other arguments and "remand[ed] with instructions to apply the elements of Section 2250 as written." *Lusby*, 972 F.3d at 1043.

Lusby's motion lacks merit, and I and the Ninth Circuit have previously rejected his arguments.  I must follow the Ninth Circuit's direction and enforce SORNA as written.

I THEREFORE ORDER that Lusby's motion to dismiss **(ECF No. 118) is denied.**

DATED: January 5, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] As in his current papers, Lusby's Answering Brief also cited to *Carr v. United States*, 560 U.S. 438 (2010), for the proposition that "Congress's intent in passing § 2250 was to impose 'federal criminal liability [on defendants] only when . . . they use the channels of interstate commerce in evading a State's reach.'" *Id.* at 44.